UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELA JONES, on behalf of herself and all others similarly situated ) ) ) | |
| Plaintiff, ) ) ) | Case No. 15-cv-8163 |
| v. ) ) | Judge Sharon Johnson Coleman |
| AMERICAN CREDIT ACCEPTANCE, LLC., PAR, INC., d/b/a PAR NORTH AMERICA, and BBMHKH ENTERPRISE, LLC d/b/a TURBO ASSET RECOVERY, ) ) ) ) | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Angela Jones, on behalf of herself and all others similarly situated, brings this action against American Credit Acceptance, LLC (ACA), Par, Inc. (Par), and BBMHKH Enterprise, LLC, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). ACA now moves this Court to compel Jones to submit her individual claims against ACA, all of which are brought under ICFA, to arbitration pursuant to the terms of their written arbitration agreement and to stay this action against ACA pending the completion of that arbitration proceeding. For the reasons set forth below, this motion [10] is granted.

**Background**

Jones entered into a retail installment contract with Carmax-Naperville for the purchase of a used car. (Dkt. 1 ¶ 9). ACA provided financing for the purchase in exchange for the assignment of the contract and security interest in the vehicle. (*Id.* ¶¶ 9–11). Jones subsequently defaulted on the contract, and ACA elected to enforce its security interest and to repossess the vehicle. (*Id.* ¶¶ 12, 13). Jones believes that ACA retained Par, Inc. and BBMHKH to effect that

1

repossession, which occurred on November 12, 2014. (*Id.* ¶¶ 14, 15). In her complaint, Jones contends that ACA engaged in unfair and deceptive business practices in violation of ICFA by failing to comply with Illinois statutes governing the repossession process or by misrepresenting the requirements of those statutes. (*Id.* ¶¶ 36–72). As is relevant here, the retail installment contract contained a one-page mandatory arbitration provision. (Dkt. 11-2). Because Jones signed this arbitration provision, ACA now moves this Court to compel Jones to arbitrate her individual claims against ACA and to stay this action. (Dkt. 11).

**Legal Standard**

The Federal Arbitration Act (FAA) governs the validity of agreements to arbitrate. *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir. 1995). "A written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, arbitration may be compelled if it is shown that (1) there is a written agreement to arbitrate; (2) the dispute at issue is within the scope of that agreement; and (3) there was a refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005). The FAA requires that any doubts concerning the scope of arbitrable issues must be resolved in favor of arbitration. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.,* 174 F.3d 907, 909 (7th Cir. 1999). Thus, a court may not deny a party's request to arbitrate an issue unless "it may be said with positive assurance" that the arbitration clause is not susceptible to an interpretation that would encompass the asserted dispute. *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). Where the parties have adopted a broad arbitration clause, a court will compel arbitration unless there is forceful evidence that the

parties intended to exclude their grievance from arbitration. *Ferenc v. Brenner*, 927 F. Supp. 2d 537, 542 (N.D. Ill. 2013).

## Discussion

Here, Jones does not contest the validity of the contract and its arbitration provision or that she has refused ACA's requests to arbitrate pursuant to that provision. Thus, the sole question before this Court is whether the current dispute is encompassed by the terms of the arbitration provision, which provides in pertinent part that:

A "Claim" is any claim, dispute or controversy between you and us that in any way arises from or relates to this consumer credit sale, the purchase you are financing by way of this Contract, the Vehicle and related goods and services that are the subject of the purchase and this Contract, or the collection and servicing of this Contract, including but not limited to:
- Initial claims, counterclaims, cross-claims and third-party claims;
- Disputes based on contract, tort, consumer rights, fraud, and other intentional torts . . .;
- Disputes based on constitutional grounds or on laws, regulations, ordinances or similar provisions; and
- Disputes about the validity, enforceability, arbitrability, or scope of this Arbitration Provision or this Contract . . . .

Because the contract explicitly granted Carmax (and its assignee ACA) the right to repossess the vehicle upon default, Jones' claims concerning that repossession can be construed as claims "arising from or relating to this consumer credit sale," and concerning the "collection and servicing of the contract." Moreover, Jones' ICFA claim constitutes a dispute "based on . . . laws, regulations, ordinances or similar provisions." Accordingly, the arbitration provision is susceptible to an interpretation encompassing Jones' claims. Because Jones has offered no evidence demonstrating that the parties intended to exclude such claims from arbitration, this Court concludes that it is obligated to compel Jones to arbitrate her claims. *United Steelworkers of Am.*, 363 U.S. at 582.

This Court is not persuaded otherwise by Jones' arguments that Illinois law does not allow repossession disputes to be adjudicated via arbitration. As Jones argues, Illinois law

requires that specific disputes arising during the repossession process must be resolved by a "court of competent jurisdiction." *See, e.g.,* 625 ILCS 5/3-114(f-5)(2) (noting that if an affidavit of defense is returned by the owner, the lienholder must apply to a court of competent jurisdiction to determine if the lienholder is entitled to possession of the vehicle). This action, however, is not a dispute over property rights in a vehicle occurring as part of the repossession process. Rather, it is a separate civil suit alleging violations of the ICFA, an Illinois statute which is subject to arbitration. *See, e.g., Sherman v. AT&T Inc.*, No. 11 C 5857, 2012 WL 1021823 (N.D. Ill. Mar. 26, 2012) (Kendall, J.) (compelling arbitration in a case alleging ICFA violations). Moreover, even if this action was brought directly under Illinois' repossession statutes, Jones has not met her burden of showing that the Illinois legislature intended for the provisions that she relies on to preclude the waiver of judicial remedies. *See Tezky v. Woodfield Chevrolet*, No. 00 C 5718, 2001 WL 946188, at *3 (N.D. Ill. Mar. 13, 2001) (Darrah, J.) (observing that a statute which authorized suits in "United States district court or in another court of competent jurisdiction" did not foreclose the possibility that the right to a federal forum could be contracted away via a mandatory arbitration provision).

This Court is also not persuaded otherwise by Jones' argument that the ACA is equitably barred from compelling arbitration or waived its right to arbitrate because it proceeded with its "judicial" repossession action instead of arbitrating Jones' default. Because this is a separate proceeding being brought under separate operative law, Jones' cannot rely on the repossession to demonstrate that ACA has waived its right to arbitrate because she cannot show delay or prejudice within this action. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011).

## Conclusion

For the foregoing reasons, defendant ACA's motion [10] is granted. Plaintiff Angela Jones is ordered to submit her individual claims against ACA to an arbitration proceeding. This action is stayed with respect to ACA, pending completion of the arbitration proceeding.

SO ORDERED.

Sharon Johnson Coleman
United States District Court Judge

DATED:  February 11, 2016